13870

CARTER v. A. C. TUXBURY LUMBER CO. *ET AL.*

(174 S. E., 754)

*Messrs. Aley & Rittenberg* and *J. C. Long,* for appellant,

*Messrs. Hagood, Rivers & Young,* for respondent,

June 12, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, W. A. Carter, against the defendants, A. C. Tuxbury Lumber Company (hereinafter referred to as Lumber Company), and J. G. O'Quinn, was instituted in the Court of Common Pleas for Charleston County for recovery of damages for personal injuries alleged to have been sustained by the plaintiff while in the employment of the said Lumber Company and working under the control, orders, and direction of the defendant J. G. O'Quinn, who, according to the allegations of the plaintiff, was in charge of the work in question for the Lumber Company, and that the said injuries resulted from the negligence, recklessness, and willfulness of the defendants, as a proximate cause thereof. The defendants denied liability. Issues being joined, the case was tried in the said Court before his Honor, Judge C. C. Featherstone, and a jury, resulting in an order of nonsuit, granted on motion of the defendants. From the said order plaintiff has appealed to this Court, imputing error to the trial Judge in granting the motion.

The Lumber Company, in effect, based its motion for a nonsuit (1) upon the ground that there was no competent testimony to show that the Lumber Company was connected with or operated the lumber plant in question; (2) upon the ground that the only reasonable inference to be drawn from the testimony was that the risk in connection with the work involved was obvious and could not fail to be comprehended by a person of "meager, not to say ordinary understanding; that the only reasonable inference to be drawn from the testimony in the case is that the plaintiff is a man who had worked around that mill, seen cars unloaded for a period of nearly a year and was a man of at least ordinary intelligence,

you might say superior intelligence, and the risk as he has described it was so obvious he could not fail to comprehend it." The defendant O'Quinn moved for a nonsuit upon the second ground upon which the Lumber Company based its motion. The trial Judge refused the motion for the Lumber Company on the first ground upon which the motion was based, but granted the motion upon the second ground stated, and also granted the motion for the defendant O'Quinn upon the same ground. In connection with this ruling his Honor, the trial Judge, stated, in effect, that the risk was obvious and the plaintiff assumed the same; that no actionable negligence was proven. All of the exceptions impute error as to this ruling and, it may be stated, require a consideration of the testimony.

Since under our view of the case there will have to be a new trial, we desire to avoid a discussion of the testimony, and simply state that after a careful study of the testimony adduced at the trial of the case the same, in our opinion, is susceptible of more than one reasonable inference regarding the issues involved, and we, therefore, think the case should have been submitted to the jury.

The order of nonsuit appealed from is therefore reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.